## HARDY v. KEENE.

The objection that a petition for a highway is double, being a petition for two distinct and independent highways, is valid if taken seasonably; yet it may be waived, like any other objection to the form of the petition.

If no objection is made to the petition in such case, but the same is referred to the commissioners who lay out both the highways petitioned for, and judgment is rendered on such report, the laying out of both such highways will be legal.

CASE, by Charles R. Hardy against the town of Keene, to recover damages for an injury alleged to have been received by the plaintiff, while travelling on a highway in Keene called Beaver street, in consequence of the falling of a derrick. This is the same case that is reported in 52 N. H. 370. It appeared that Beaver street was duly laid out by the selectmen of Keene in 1855, unless the laying out was defective by reason of two highways being petitioned for in one petition, said two highways being connected in the same manner as the plan

indicates in *Baker* v. *Ashland*, 50 N. H. 28. Beaver street runs from its westerly terminus in an easterly direction across and beyond Beaver brook. The plaintiff received his injury in said street a little westerly of the brook. Said street was widened in due form of law by the selectmen of Keene in 1863, on the northerly side from the westerly terminus to the brook, and in 1865 on the southerly side from the westerly terminus to a point westerly of the place where the plaintiff was injured. The petition for the last named widening prayed that the southerly side of Beaver street might be widened from its westerly terminus to Beaver brook; but by the return of the selectmen upon said petition, establishing the southerly line of said street from the westerly terminus to Beaver brook, the street was widened from said westerly terminus to the point before referred to, and thence the line to the brook as originally laid out was followed. The derrick stood in the highway a little easterly of Beaver brook. The plaintiff, at the time he was injured, was sitting in a wagon within the limits of the highway as laid out in 1855, and not upon any part of the strip of land which was added by widening in 1863, but southerly of it. The defendants seasonably objected that this evidence was insufficient to show that Beaver street was a legal highway which the town was bound to keep in repair; but the court overruled the objection, and instructed the jury that Beaver street was a legal highway, to which the defendants excepted. The result showed that the derrick was improperly set up, the defect consisting in not fastening a post securely, to which one of the guy ropes was attached. This work was done in the presence and under the direction of the highway surveyor, by men employed by him who had had experience in setting up derricks, all of whom were citizens of Keene.

The court instructed the jury (among other things) that the town was not liable unless it knew of the defect, or had the means of knowing of it, in season to have remedied it; that it was not necessary, in order to hold the town liable, that any officer of the town should actually know that the derrick was insecure; that if the town was liable on account of any act or neglect of the surveyor, it was not because the derrick was not properly set up; but because, being set up improperly, if the jury should find that it was set up improperly, it was allowed to remain in that condition and be used; that if the jury were of the opinion that the surveyor ought to have understood that it was not safe to use the derrick, they were authorized to find that the town ought to have understood it; that they were also authorized to find that the town had notice of the defect by reason of the workmen employed by the surveyor to set up the derrick being citizens of Keene and having the means of knowing whether it was properly set up or not; but that it did not follow, because the derrick fell, that those who saw it set up had the means of knowing that it was not safe to use it, as it might be that the accident happened by reason of some hidden weakness which the surveyor and the men employed by him could not be expected to detect; that if the falling of the guy ropes alone occasioned

the injury, which, by reason of no apparent fault, seemed to be securely and properly fastened, and so the defect, obstruction, accident, and injury, were simultaneous, the town would not be liable.

After these instructions were given, the defendants requested the court to instruct the jury that if the jury find that the highway surveyor employed a man whom he had good reason to believe and did believe to be competent to set the derrick, and had no reason to believe, before the accident happened, that the derrick was unsafe, the town would not be liable; but the court did not give any additional instructions, to which the defendants excepted.

The jury found a verdict for the plaintiff, which the defendants moved to set aside; and the questions arising on that motion were reserved.

*Wheeler & Faulkner*, for the defendants.

*Cushing* and *Woodward & Wellington*, for the plaintiff.

SARGENT, C. J.   In *Baker* v. *Ashland*, 50 N. H. 27, it is held that it is a fatal objection to the petition for a highway, if it be found to be one petition for two distinct and independent highways; that the correct practice is for a single highway alone to be included in one petition. But because that constitutes a fatal objection to the petition if taken seasonably, it does not follow by any means that it is an objection which may not be waived, and that when waived it would affect the subsequent proceedings so as to render them void.   Duplicity in pleading is usually waived and cured by pleading over, or by not taking advantage of it at the proper time.   *Weld* v. *Lock*, 18 N. H. 141; *Bell* v. *Lamprey*, 52 N. H. 41, 48, 49.

If an objection is not seasonably taken, that is equivalent to pleading over.   In the case of *Baker* v. *Ashland*, the objection was seasonably taken, and was held good.   If it had not been made until after the reference to the commissioners, it would probably have been held to be waived and cured.   This is a defect in form, like duplicity in any other pleading, and we think would come under the seventieth rule of court that " objections to the form of the petition and to the legality of the notice must be made before the order of reference to the road commissioners, or they will be considered as waived." So, if a petition had the termini properly described, but had an intermediate bound described between them, that would be a fatal objection if taken seasonably, because it is contrary to the sixty-seventh rule of court; but if this objection were not taken before the reference, it would be waived like other matters of form.

Such a case would not be like *Haywood* v. *Charlestown*, 34 N. H. 28, where there was no petition. Here was a petition for two highways, and both were laid out, so far as appears, just in accordance with the petition.   No road was laid out that was not petitioned for, as in *Haywood* v. *Charlestown;* but the petition was not in proper form, inas-

much as it asked for the laying out of two highways in the same petition ; but no objection being made on this account, the informality was waived, and when both highways are laid out in accordance with the petition, and judgment rendered upon the report, it must be too late to object : all objection has been waived to the form of the petition.   We think the ruling on this point was correct.

We see no objections to the instructions that were given.   They seem in accordance with the suggestions made in the former opinion in this case—52 N. H. 370, 379.   In fact, they are not objected to in the defendants' brief.   But certain other instructions were asked that were not given, and to this the defendants take exception ; but we think the court was right in refusing to give them.   All that was pertinent and proper, contained in them, had been given before, and taken alone, in the precise terms in which they were asked for, they were clearly objectionable ; for though the surveyor may have done his full duty and have been in no fault, yet there may have been other persons who had discovered the defects in the setting, and who knew the fact that it was insecure, and may even have communicated these facts to the town, and yet all the supposed facts in the instructions desired may have been true, so far as the surveyor alone was concerned.   We think there should be

*Judgment on the verdict.*